

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

**ENTERED**
**04/29/2011**

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| WILLIS N. YOUNG, ) | CASE NO. 11-80075-G3-13 |
| ) | |
| Debtor, ) | |
| ) | |

<u>MEMORANDUM OPINION</u>

The court has held an evidentiary hearing on the "Motion of Komatsu Financial Limited Partnership for Relief from the Automatic Stay as to Komatsu Equipment" (Docket No. 12). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Willis N. Young ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 8, 2011. Janet S. Casciato-Northrup ("Trustee") is the Chapter 7 Trustee. A meeting of creditors was held on March 10, 2011. Trustee filed a report of no distribution on March 15, 2011.

On May 7, 2003, Debtor executed a "Cross-Collateral Security Agreement" with Komatsu Financial Limited Partnership

("Komatsu").  The agreement purports to grant to Komatsu a security interest in each item of equipment covered by present or future conditional sales contracts to secure amounts due under all of the contracts.  (Komatsu Exhibit 1).

Debtor purchased a Komatsu dozer, Serial No. 1571, on January 24, 2005.  (Komatsu Exhibit 2).  Debtor purchased a Komatsu crawler dozer, Serial No. 3818, on May 9, 2005.  (Komatsu Exhibit 3).  Debtor listed these two pieces of equipment on his schedule B, and declared them as exempt on his schedule C.  (Docket No. 7).  No party objected to Debtor's exemptions.

On September 28, 2007, Debtor purchased a Komatsu crawler dozer, Serial No. 50584.  (Komatsu Exhibit 4).

Debtor testified that he finished paying the balances due on Serial Nos. 1571 and 3818 during 2008.

Debtor testified that the crawler dozer he purchased in 2007 was delivered to Komatsu's shop for repairs.  Debtor testified that it was repossessed and sold, without notice to him.[1]

Debtor testified that, in his course of dealing with sellers of dozers and similar equipment since 1976, he has had

---

[1] Debtor's testimony does not indicate the date of the repossession.  Debtor's response to the instant motion indicates that the date was during 2008.  The court makes no finding as to the actual date of the repossession.  The date of the repossession is not material to the court's consideration of the instant motion.

2

dozers repossessed. He testified that in no instance had an entity repossessed equipment covered by a security interest and later sought collection of a deficiency.

In the instant motion, Komatsu seeks relief from stay, for cause, including the lack of adequate protection, and on grounds the debtor lacks equity in the equipment purchased in 2005, and the equipment is not necessary for an effective reorganization.

Debtor asserts that Komatsu has improperly accounted for the proceeds of sale of the repossessed dozer.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

3

>    (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>    >    (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>    >
>    >    (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, the parties have a dispute as to the amount and validity of the underlying debt.  The instant case is a Chapter 7 case, in which the Chapter 7 Trustee has filed a report of no distribution.  This court need not reach the merits of the underlying dispute between Debtor and Komatsu.  Rather, the court determines that the stay should be modified for cause to permit Debtor and Komatsu to assert their respective rights and remedies with respect to the two pieces of equipment in a court of competent jurisdiction.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on April 29, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE